IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATHLENE BELL and MICHAEL BELL,     ) | |
|                                ) | |
|              Plaintiffs,    ) | |
| v.                                       ) | Case No.: 23-2068-DDC-GEB |
| ASHLEY L. GRISWOLD and        ) | |
| WERNER ENTERPRISES, INC.,    ) | |
|             Defendants.    ) | |

# **ORDER**

This matter comes before the Court on Non-Party Platform Science, Inc.'s ("Platform Science") Motion to Quash Plaintiffs' Subpoena Duces Tecum ("Motion") **(ECF No. 93)**. Platform Science moves to quash Plaintiffs' subpoena pursuant to Fed. R. Civ. P. 45(d) and argues the subpoena is overbroad, unduly burdensome, requires the disclosure of its proprietary analytical data tools, and requires the production of documents outside the geographic scope outlined in Fed. R. Civ. P. 45. Because Platform Science filed its Motion without either complying with the meet-and-confer requirements of D. Kan. R. 37.2[1] or requesting a pre-motion conference pursuant to D. Kan. R. 37.1, the Motion is denied without prejudice.

Platform Science does not certify it has conferred with Plaintiff, "describing with particularity the steps taken by all attorneys to resolve the issue in dispute" as required by D. Kan. R. 37.2. In fact, the Motion does not address conferral at all. Plaintiffs in their response advise counsel for Platform Science tried to call counsel for Plaintiffs on the day a response to the subpoena was due. Then when unable to reach Plaintiffs' counsel sent an email indicating it was

---

[1] *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *1 (D. Kan. Feb. 26, 2014).

1

Platform Science's intent to file the Motion that day and invited counsel to call the following day, after the Motion was filed.

> D. Kan. R. 37.2, with emphasis added, provides as follows:
>
> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, **or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(d)**, unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than emailing, mailing, or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

"The purpose of Rule 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention."[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties could have resolved, it must needlessly expend resources it could better utilize elsewhere."[3] Making one attempt to contact counsel prior to filing the Motion, sending an email advising of the intent to file the Motion, and inviting a return call after the Motion is filed is not a reasonable effort to confer. Therefore, the Court will not entertain Platform Science's Motion.

Platform Science shall call Plaintiffs' counsel and in "good faith converse, confer, compare views, consult, and deliberate" regarding its objections to the subpoena. If after such conferral, Plaintiffs and Platform Science are unable to reach an agreement on disputes related to the

---

[2] *Id.* at *2 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) and *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.,* No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999)).
[3] *Id.* (citing *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007).

subpoena, Platform Science shall contact the undersigned Magistrate Judge's chambers at ksd_birzer_chambers@ksd.uscourts.gov, including all counsel of record in the email, to schedule a pre-motion conference.

Based upon the above and foregoing, the Court **DENIES without prejudice to refiling** Non-Party Platform Science, Inc.'s Motion to Quash Plaintiffs' Subpoena Duces Tecum (**ECF No. 93**).

IT IS SO ORDERED.

Dated December 29, 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge